Filed 3/24/26  P. v. Chamberlin CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSE JAMES CHAMBERLIN,<br><br>        Defendant and Appellant. | A172463<br><br>(City & County of San Francisco Super. Ct. Nos. CRI-22008858, CRI-22008968) |

This is an appeal from judgment after a jury convicted defendant Jesse James Chamberlin of burglary, theft, attempted burglary, possession of burglar tools, and resisting or obstructing a peace officer.  Defendant's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issue for review and requesting that we conduct our own independent review of the record.  Defendant did not exercise his right to file a supplemental brief.  Having considered the record in accordance with *Wende*, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2024, defendant was convicted by a jury of the following: first degree residential burglary (count I; Pen. Code, § 459);[1] theft of personal

---

[1] Unless otherwise stated, all statutory citations are to the Penal Code.

property (count II; § 487, subd. (a)); possession of burglar tools (count III; § 466, subd. (a)); attempted first degree residential burglary (count IV; §§ 459, 664); and resisting/obstructing/delaying a peace officer (counts V–VI; § 148, subd. (a)(1)).

Defendant's conviction was based on three separate criminal incidents occurring in San Francisco. The first incident (counts I–III) occurred on June 5, 2022. Defendant, equipped with bolt cutters, entered a residential garage on Parkridge Drive and took a bicycle and a bicycle frame. The resident of the property returned home to find that his garage door, which had been closed and locked, was open. When the resident entered the garage, he saw that his "Japanese pull saw" was out of place on the garage floor. He also found a pair of bolt cutters that he had never seen before. The police were notified.

The resident provided the responding police officer with surveillance footage from his building's security camera. The resident did not recognize the person appearing in the surveillance footage. The officer seized the bolt cutters as evidence and booked them into evidence. Testing subsequently revealed that defendant's DNA was found on the bolt cutters.

The second incident (count IV) occurred on May 19, 2022, on 19th Avenue. Officer Glennon Griffin, dressed in civilian clothes, observed defendant using a tool to manipulate two separate door handles on adjoining garage doors at two residences. The officer then saw defendant move on and turn the handle of the garage door at a third residence, but he did not open the door. Officer Griffin exited his vehicle to confront defendant. Defendant walked past him, entered a maroon sport utility vehicle (SUV) parked nearby, and drove away, saying something to the effect of, "It's not personal." Officer Griffin briefly followed defendant before ending his pursuit for safety

reasons. Officer Griffin recorded the vehicle's license plate number, which was registered to defendant. He then returned to the scene and found the garage door slightly ajar. He contacted the property's owner, who reported that, although nothing appeared to be missing, his garage door lock no longer worked.

On or about June 14, 2022, officers located the maroon SUV. The vehicle was towed and its contents were seized pursuant to a search warrant. These items, which included bolt cutters, gloves, and a water bottle, were submitted for DNA testing. Again, this testing revealed defendant's DNA was present.

The third incident (counts V–VI) occurred on August 14, 2022. Officer Griffin and another officer were on patrol in uniform when they spotted defendant working on a car with tools near 21st and Folsom Streets. The officers knew defendant was subject to an outstanding arrest warrant. They approached and ordered defendant to drop the tools and show his hands. Defendant fled on foot, but the officers were able to apprehend him. The officers wore body cameras. These cameras recorded defendant running away, refusing their commands to stop and surrender, and struggling to get free after Officer Griffin captured him.

At trial, defendant testified in his own defense. He denied any involvement in the charged theft crimes. Two character witnesses then testified regarding defendant's trustworthiness and honesty.

Defense counsel also presented evidence of possible bias by the police against defendant. This evidence consisted of an incident regarding a police shooting in February 2018 that involved defendant and Officer Griffin. Multiple police officers, including Officer Griffin, fired their weapons into a recreational vehicle (RV) in which defendant was present after a suspected

3

murderer and carjacker, whom they were pursuing, fired shots at them from inside the RV.

During cross-examination, Officer Griffin acknowledged the incident, explaining that when he arrived at the scene, another officer told him the suspect was inside the RV. The officers ordered those inside the RV to exit, crawl away from the RV, and lie down on the ground nearby. Defendant was one of three individuals to do so, leaving the suspect as the only person in the RV when the officers fired their weapons toward the vehicle. At the time of this incident, Officer Griffin did not know defendant. He only learned later that defendant was one of the three persons ordered out of the RV.[2]

Following his conviction, defendant refused to appear for a sentencing hearing on July 17 2024. In his absence, the trial court found true multiple factors in aggravation under the California Rules of Court,[3] including that his prior convictions or sustained juvenile petitions were numerous and increasing in severity (rule 4.421(b)(2)); he served a prior prison or jail term (rule 4.421(b)(3)); he was on probation, mandatory or postrelease supervision, or parole when the crimes were committed (rule 4.421(b)(4)); and his prior performance on the aforementioned probation, supervision, or parole was unsatisfactory (rule 4.421(b)(5)). The court also found defendant ineligible for probation as to counts I–III.

Defense counsel filed a memorandum asking the trial court to impose the low term in concurrent sentences. Counsel argued that several mitigating factors were present, including that no harm was done or

---

[2] The trial court sustained the prosecution's objections under Evidence Code section 352 when defense counsel asked Officer Griffin whether he was one of seven officers who shot a total of 65 shots at the RV and whether he was investigated regarding his role in the police action.

[3] All rule citations are to the California Rules of Court.

4

threatened against the victims (rule 4.423(a)(6)); defendant was suffering from mental or physical conditions (including opioid addiction and schizophrenia) that significantly reduced his culpability (rule 4.423(b)(2)); he experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, which was a factor in the commission of the crime (rule 4.423(b)(3)); and the commission of the current offense was connected to his prior victimization, childhood trauma, or mental illness within the meaning of section 1385, subdivision (c) (rule 4.423(b)(4)). Counsel also noted "undisputed evidence was presented . . . where [defendant] was the victim of police violence perpetrated in part by the main officer in this case, Officer Glennon Griffin."

On January 8, 2025, the trial court sentenced defendant to a total prison term of 4 years 8 months which consisted of: the four-year middle term on count I, deemed satisfied; eight months (one-third the middle term) on count IV, consecutive to count I, also deemed satisfied; 364 days in jail on count V, consecutive to count I, set as active; 364 days in jail on count VI, stayed; 180 days in jail on count II, stayed; and 180 days in jail on count III, stayed. Defendant received a total of 1,696 days of custody credits, consisting of 845 days for time served, 844 days for "Local Conduct," and 7 days of "Milestone Credits." The court also imposed various fees, fines, and assessments; however, the court suspended their collection.

Defendant filed a timely notice of appeal.

## DISCUSSION

As stated, defendant's appointed counsel filed an opening brief setting forth the material facts, but raising no issue for our consideration. Counsel requested that we independently review the record to decide whether there exists any nonfrivolous issue for appeal. (*Wende, supra*, 25 Cal.3d 436.)

5

In doing so, counsel advised that defendant was informed of his right to file his own brief on appeal. However, defendant did not do so.

We have independently reviewed the entire record, as mandated by *Wende*, and have found no arguable issues. Defendant, represented by competent counsel at trial and on appeal, was convicted by a jury of six counts based on both testimonial and physical evidence, including DNA testing and video footage. The trial court thereafter imposed a fair sentence based on the evidence and in accordance with the sentencing rules. Thus, having ensured defendant received adequate and effective appellate review, we affirm. (*Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A172463/*People v. Jesse James Chamberlin*

6